**FILED**

**MAY 3, 2021**

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**BEFORE THE
UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**In re:** Digital Advertising Antitrust Litigation

MDL No. _____

**GOOGLE DEFENDANTS' MOTION FOR TRANSFER OF ACTIONS TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PROCEEDINGS**

Defendants Google LLC, Alphabet Inc., and YouTube, LLC (together, "Google")

respectfully move this Panel under 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation

Rule 6.2 for an order transferring twenty different actions pending in sixteen different district

courts, and any later-filed cases that assert similar or related claims, to a single district court for

consolidated or coordinated pretrial proceedings.  Google specifically requests that the actions be

transferred to and centralized before the Hon. Beth Labson Freeman in the United States District

Court for the Northern District of California.

In support of their Motion, Google states as follows:

1.      Twenty cases are pending in sixteen judicial districts, all alleging that Google has

monopolized or suppressed competition in advertising-technology related markets.

2.      The digital advertising actions will all require courts to resolve overlapping factual

and legal issues.  These include:

- Defining a relevant antitrust market in the digital advertising space, including

    whether such market constitutes a two-sided transaction platform pursuant to *Ohio

    v. American Express Co.*, 585 U.S. ___, 138 S. Ct. 2274 (2018)

- The participants in any antitrust market relevant to Google's ad tech

- Google's and its competitors' market shares in any antitrust market related to Google's ad tech

- How Google's ad tech interacts with competitors' ad tech

- The competitive impacts of Google's acquisitions related to ad tech

- The design and operation of Google's ad tech products and services, including changes made to the design and operation of those products and services over the course of years

- The extent to which Google's optimization of its ad tech products and services constituted competition on the merits rather than anticompetitive conduct

- What information Google does or does not provide to others in relation to its ad tech

- An allegedly competitive technology called "header bidding" -- in particular, its operation, effects, and popularity -- along with Google's competitive responses to it

- The prices that Google charges to advertisers and publishers for use of Google's ad tech, including quality-adjusted prices

3.      The digital advertising actions will also require overlapping discovery.  The same Google products and services are at issue in every case.  Nearly all the complaints contain allegations concerning Facebook.  Several actions assert a claim against Facebook. Similarly, nearly every complaint mentions Amazon, another of Google's digital advertising competitors. All parties are likely to seek discovery from these companies, as well as from other competitors and customers in the digital advertising space.

2

1        4.     Transfer to and centralization before the Hon. Beth Labson Freeman in the United

2   States District Court for the Northern District of California is appropriate and will ensure the just

3   and efficient conduct of the actions.   Judge Freeman has the first-filed action and has already

4   consolidated eight putative class actions into two advertising technology cases (on behalf of

5   publishers and advertisers).   She has heard one motion to dismiss and has appointed interim class

6   counsel.   The Northern District of California is home to the largest number of digital advertising

7   cases, to the most named plaintiffs, to all of the defendants, and to the majority of witnesses.

8        For these reasons and for the reasons provided in Google's Memorandum of Points and

9   Authorities, Google respectfully requests that the Panel order the actions listed in the Schedule of

10  Actions, as well as any related later-filed actions, transferred to the Northern District of California

11  for coordinated or consolidated proceedings.

15  Dated: April 30, 2021                     Respectfully submitted,

16                                            */s/ Justina K. Sessions*
                                              Justina K. Sessions
17                                            WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
18                                            One Market Plaza
                                              Spear Tower, Suite 3300
19                                            San Francisco, California 94105
                                              Telephone: (415) 947-2197
20                                            Facsimile: (415) 947-2099
                                              Email: jsessions@wsgr.com
21
                                              Jonathan M. Jacobson
22                                            Michael S. Sommer
                                              WILSON SONSINI GOODRICH & ROSATI
23                                            Professional Corporation
                                              1301 Avenue of the Americas, 40th Floor
24                                            New York, New York 10019
                                              Telephone: (212) 497-7758
25                                            Facsimile: (212) 999-5899
                                              Email: jjacobson@wsgr.com
26                                            Email: msommer@wsgr.com

3

1                            Eric Mahr
Julie S. Elmer
2                            FRESHFIELDS BRUCKHAUS DERINGER
LLP
3                            700 13th Street NW, 10th Floor
Washington, D.C. 20005
4                            (202) 777-4545
(202) 777-4587 (Fax)
5                            eric.mahr@freshfields.com
julie.elmer@freshfields.com
6

7                            Boris Feldman
FRESHFIELDS BRUCKHAUS DERINGER
8                            LLP
2710 Sand Hill Road
9                            Menlo Park, CA 94025
(650) 461-8200
10                          boris.feldman@freshfields.com

11                          *Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: DIGITAL ADVERTISING ANTITRUST LITIGATION | MDL No. _____ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOOGLE
DEFENDANTS' MOTION FOR TRANSFER AND CENTRALIZATION
PURSUANT TO 28 U.S.C. § 1407**

Google LLC, Alphabet Inc., and YouTube, LLC (together, "Google") respectfully submit this memorandum of points and authorities in support of their motion to transfer and centralize cases pending in district courts across the country to the Northern District of California pursuant to 28 U.S.C. § 1407.

**I.      INTRODUCTION**

More than 70 plaintiffs have filed 28 cases in 16 judicial districts across the United States. At their core, these cases accuse the same defendants of the same allegedly anticompetitive conduct, concerning the same products and services, on behalf of various publisher and advertiser plaintiffs (individually and in overlapping groups). Allowing these cases to proceed in different courts, on different timelines, under different governing circuit law, would impose extraordinary inconvenience upon the parties and non-party witnesses and undermine the efficient conduct of these actions. Worse, it would lead to inconsistent rulings among the many courts confronting the same legal and factual issues. Inconsistent rulings on the issues of digital advertising would harm not just Google, but the large ecosystem of publishers, advertisers, and end-users who use these products and services. The way to avoid these harms is to centralize the litigation in a single court for orderly resolution.

Each of the 28 cases, now partially consolidated into 20, asserts antitrust claims directed at Google's advertising technology ("ad tech") on behalf of U.S. publishers, advertisers and/or

1

internet users. Publishers use Google ad tech products and services to show relevant ads next to their online content. Advertisers use Google's ad tech to market more effectively, reaching more interested consumers at a lower cost. And internet users benefit from a freely available ad-supported internet (in contrast to content available only to those able to pay subscription fees), and greater protection against spam, malware, and other harmful advertising content. None of those publishers, advertisers, or end users is forced to use any of Google's ad tech products or services. All have multiple options offered by Google's rivals in digital advertising.

The ad tech litigation should be centralized in the Northern District of California. It is home to the first-filed case, to the largest number of cases, to the most named plaintiffs, to all of the defendants, and to the majority of witnesses. The Northern District of California is the only court that has invested significant resources in deciding merits issues. By contrast, while a group of state attorneys general led by Texas Attorney General Ken Paxton chose to sue in the Eastern District of Texas, that forum has no meaningful connection to the ad tech litigation. Not a single named plaintiff, nor a single potential witness, is located in East Texas. None of the other candidate jurisdictions has so close a nexus to this litigation as does the Northern District of California.

## II. BACKGROUND

### A. Ad Tech

"Ad tech" refers to advertising technology that connects internet publishers, who seek to monetize their content by selling advertising space on their websites ("publishers"[1]), with advertisers, who seek to present relevant digital advertising to consumers. Website publishers have space on their webpages that is typically used to display ads. Ad tech helps match advertisers with that digital advertising space (sometimes referred to as "inventory"). Publishers can sell their digital advertising inventory in many ways: they can contract directly with advertisers; they can

---

[1] In the ad tech context, "publisher" refers to any person, company, or organization that operates a website which offers content to internet users. An ad tech publisher includes, but is not limited to, the traditional notion of a "publisher" as a person, company, or organization that prepares and issues newspapers, journals, books, or other works for sale.

conduct auctions to allow advertisers to bid on the inventory; or they can use a third-party ad tech provider to conduct auctions. Ad tech can also help publishers manage their inventory, as well as facilitate loading and display of advertising content on the publisher's web page.

Advertisers and publishers of all sizes, around the world, choose to use Google's ad tech products because they perform better, by showing more relevant ads that users are more likely to click on, generating more revenue for publishers. Because ad tech connects advertisers, publishers, and consumers who view online content, Google has to take into account all their competing interests. Google's innovation has resulted in quality products that enable the most useful ads to be seen by the most relevant audiences.

Though popular with customers, Google's ad tech products and services are not the only choices available. Advertisers and publishers who prefer not to use Google's ad tech – or who want to use other products in addition to Google's (called "multi-homing") – have a wide array of alternatives available. Of particular relevance to these cases, Facebook provides ad tech products and services, which can be used to place ads on Facebook's own websites, as well as to broker ad placement on non-Facebook Websites and apps.

### B.    The Ad Tech Antitrust Cases

After relation and consolidation of certain of the 28 suits, Google still faces 20 antitrust cases in 16 judicial districts. They all allege that Google has monopolized or suppressed competition in ad-tech-related markets.

> **1.    *In re Google Digital Advertising Antitrust Litig.*, No. 20-cv-03556-BLF and *In re Google Digital Publisher Antitrust Litig.*, No. 20-cv-08984-BLF (N.D. Cal.)**

Judge Beth Labson Freeman in the Northern District of California has consolidated eight putative ad-tech class actions into two lead cases: one on behalf of advertisers, and one on behalf of publishers.

The first ad tech case was a class action filed on May 27, 2020, by online advertisers. The complaint alleged that Google engaged in unfair competition and monopolization in violation of the Sherman Act, 15 U.S.C. § 2, and California state law. Thereafter, additional advertisers filed

3

another putative class action. This suit, too, alleged that Google monopolized digital advertising markets and engaged in unfair competition, in violation of Section 2 of the Sherman Act and California law. On August 11, 2020, Judge Freeman consolidated those actions into *In re Digital Advertising Antitrust Litigation*. On September 25, 2020, plaintiffs filed a consolidated class action complaint. Google moved to dismiss. Class plaintiffs then amended again. Ex. R (Digital Ads FAC). Google moved to dismiss. Judge Freeman heard the motion on April 8, 2021. She has not yet ruled.

Judge Freeman has also consolidated six suits into a publisher-side case. The first publisher-side class action was filed on December 15, 2020. Five more were filed thereafter. Judge Freeman consolidated them into *In re Digital Publisher Antitrust Litigation*, No. 20-cv-08984-BLF. The publisher plaintiffs filed a consolidated complaint. Ex. S (Digital Publisher Compl.). They now seek to represent two classes, corresponding to publishers who received revenue from Google for using "Google's Ad Exchange" or "Google's Ad Network" services. *Id.* at 51-52.[2]

Judge Freeman held a hearing on competing motions to appoint counsel for the publisher-class and advertiser-class. She has since ruled on those motions, appointing interim class counsel and establishing a discovery coordination committee to facilitate efficient discovery across both consolidated class actions. Judge Freeman has set an omnibus Case Management Conference for June 10, 2021.

The advertiser and publisher complaints both allege that Google has monopolized one or more market(s) relating to ad tech using the same allegedly anticompetitive practices. *See* Ex. R (Digital Ads FAC) ¶ 237; Ex. S (Digital Publisher Compl.) ¶ 217. In particular, the complaints allege that Google: acquired other companies; tied products together; designed auctions to exclude

---

[2]   The complaint alleges that: "Ad Exchanges are platforms enabling publisher [software] to offer their inventory of impressions for sale, and advertisers to place bids on the impressions they wish to purchase," and an "Ad Network" is used by "smaller publishers" and are "like an aggregator that collects ad inventory from multiple publishers and sells it to advertisers." Ex. S (*Digital Publisher* Compl.) ¶¶ 59, 61.

competitors; leveraged its position in online search; failed to give information to its competitors; and tried to suppress a supposedly competitive method of bidding on impressions, called "header bidding."  The complaints allege that Google tried to suppress header bidding by implementing an auction process called "Open Bidding" and encouraging adoption of a rendering technology called "Accelerated Mobile Pages."  *See* Ex. R (Digital Ads FAC) ¶¶ 83-88, 100, 142-44; Ex. S (Digital Publisher Compl.) ¶¶ 81, 86, 112 114, 117.  The respective damages claims diverge but implicate each other.  The advertiser plaintiffs claim that they paid too much for advertisements that they placed using Google's ad tech.  The publisher plaintiffs claim that they received too little for the same ads.

The issues in the cases before Judge Freeman pervade this litigation across the various districts.

### 2.   *Organic Panaceas, LLC v. Google LLC and Alphabet Inc.*, No. 21-cv-02629-DMR (N.D. Cal.)

On April 12, 2021, Organic Panaceas, LLC filed another class action on behalf of advertisers against Google and Alphabet in the Northern District of California. Ex. Q (Organic Panaceas Compl.).  This plaintiff makes essentially the same claims under Section 2 of the Sherman Act as the Digital Ads and Digital Publishers plaintiffs, claiming that Google monopolized "the market for digital display advertising and its component subparts and services" by leveraging its position in online search, designing auctions to exclude competitors, failing to share information with competitors, and trying to suppress header bidding. *Id.* ¶ 146. Organic Panaceas claims the same harm as the Digital Ads plaintiffs: "paying supra-competitive prices to Google to broker the placement of its display advertisements on third-party websites." *Id.* ¶ 51. Organic Panaceas has moved to relate its case to Digital Ads.

### 3.   *Negron v. Google LLC*, No. 21-cv-00801-HSG (N.D. Cal.)

In yet another Northern District of California class action, plaintiff Kimberly Negron sued on February 1, 2021.  Her complaint alleges that Google has market power in ad-tech related markets (specifically ad servers, ad exchanges, and ad networks). Ex. P (Negron Compl.) ¶¶ 35,

5

52-56.  She complains of the same acquisitions, alleged product tying, failure to share information with competitors, and auction designs as do the Digital Ads and Digital Publisher complaints.  *See id.* ¶¶ 40, 57-61, 66, 87.  Like those plaintiffs, Negron alleges that Google tried to eliminate competition by suppressing header bidding (including by developing Accelerated Mobile Pages).  *Id.* ¶¶ 73-83.  Negron also alleges that Google tried to suppress header bidding through a 2018 agreement with Facebook.  Negron claims that the 2018 Google-Facebook agreement violated Section 1 of the Sherman Act.  *Id.* ¶145.  She also claims that other conduct enabled Google to charge supra-competitive prices.  *Id.* ¶¶ 119-27.  Negron's complaint asserts a class of people who bought advertising on or over Facebook.  *Id.* ¶¶ 131, 119-27.  Judge Freeman denied Negron's motion to relate her case to Digital Ads.  We believe that this ruling was in error.[3]  It should not deter the relief sought here for the reasons set forth below.  Google must respond to the complaint on June 4, 2021.

> **4.    *Cliffy Care Landscaping LLC v. Facebook, Inc. et al.*, No. 21-cv-00360-KBJ (D.D.C.)**

Three similar lawsuits were filed in the District of Columbia, beginning in February 2021.  They all allege that the 2018 Google-Facebook agreement violated Section 1 of the Sherman Act.  Those cases name as defendants both Google and Facebook (which, like Google, is headquartered in the Northern District of California).  The three cases have been consolidated.  The complaints also make many of the same claims as the Northern District of California suits:  that header bidding was a competitive alternative, and that Google tried to suppress it by introducing new auction

---

[3] The decision denying Negron's motion to relate her case to *Digital Ads* (which Google did not oppose) shows the inefficiencies that would multiply if the cases were not centralized.  The decision contains no explanation.  One can presume that relation was denied because *Negron* brings a Section 1 claim on behalf of a Facebook-advertiser class, whereas the other *Digital Ads* advertiser-plaintiffs bring a Section 2 claim on behalf of a class of advertisers who use Google.  But *Digital Ads*, *Digital Publishers*, and *Negron* all involve the same or similar alleged antitrust markets and all include allegations that Google tried to suppress header bidding.  Moreover, *Negron*'s claim based on the Facebook agreement and its impact on header bidding overlaps entirely with the claims in the State AG case, *Cliffy Care*, and nearly all of the newspaper cases, all described below. All of these cases will require the same discovery relating to header bidding and Google's alleged responses to it, but they are currently proceeding on different tracks before different judges.

designs, encouraging adoption of Accelerated Mobile Pages, and entering into the 2018 agreement with Facebook. Ex. T (Cliffy Care Compl.) ¶¶ 35, 39, 51-54; Ex. T (Kinin Compl.) ¶¶ 35, 39, 51-54; Ex. T (Raintree Compl.) ¶¶ 37, 41, 53-56. Like the California advertiser plaintiffs, the D.C. plaintiffs assert that they paid too much for advertising space that they bought using Google ad tech products and services. E.g., Ex. T (Cliffy Care Compl.) ¶ 49. The putative classes include all persons who bought digital display advertising through Google, Amazon, or anyone other than Facebook. E.g., id. ¶ 18.

       **5.**    *Newspaper* **cases**

     HD Media Company, a newspaper owner, sued Google and Facebook in the Southern District of West Virginia on January 29, 2021. *See* Ex. B (HD Media Compl.). Then, between April 19 and 21, 2021, twelve similar lawsuits were filed by the same counsel on behalf of newspapers or newspaper owners in eleven more Federal District Courts.[4] These complaints assert both Section 1 and Section 2 claims. The suits allege that Google monopolized a digital advertising market that includes "ad tech market platforms." E.g., id. ¶ 39. They claim that Google maintained this monopoly through conduct in ad tech, allegedly "running the leading ad exchange while also running buy-side and sell side intermediary platforms trade [sic] on the exchange and using it to give priority to its own products and services." *Id.* ¶ 98. Like the Northern District of California suits, these complaints claim that Google considered header bidding a threat and sought to eliminate it through auction design, Open Bidding, Accelerated Mobile Pages, and the 2018 Google-Facebook agreement. *Id.* ¶¶ 79-85. Among the harms alleged is that "Google was able to extract a supracompetitive share of Plaintiff's advertising revenues." *Id.* ¶ 100.

     Associated Newspapers Ltd., which publishes The Daily Mail, filed an antitrust suit against Google on April 20, 2021, in the Southern District of New York. Ex. K (Associated Newspapers Compl.). Associated Newspapers claims that Google monopolized ad-tech related markets by allegedly tying products together, leveraging a search monopoly, designing auctions improperly,

---

[4] They are: N.D. W. Va; S.D. W. Va.; S.D. Ind.; S.D. Ohio; S.D. Tex.; E.D. Wisc.; D. Md.; D. N.J.; D. Del.; N.D. Miss.; S.D. Miss.; and W.D. Pa.

and suppressing header bidding. *Id.* ¶¶ 85-92, 96-97, 160, 190. The header-bidding allegations include challenges to Open Bidding and Accelerated Mobile Pages *Id.* ¶¶ 165, 168. Like the other publisher plaintiffs, Associated Newspapers claims that it received too little money for its advertising inventory. *Id.* ¶ 194.

### 6. *Texas et al. v. Google, LLC*, No. 20-cv-00957 (E.D. Tex.)

Another overlapping lawsuit was filed in the Eastern District of Texas. On December 16, 2020, Ken Paxton, the Texas Attorney General, and nine other state AG's alleged that Google monopolized and attempted to monopolize "online display advertising markets" (the State AG case"). This lawsuit is based on the same core factual allegations, and asserts the same legal theories of monopolization and tying, as the other cases. The AGs amended their complaint to add five more states and Puerto Rico as plaintiffs on March 15, 2021. Ex. G ("State AG Compl."). Like the many lawsuits described above, the State AG complaint alleges that Google: tied ad-tech products together; failed to share information with its rivals; designed auctions improperly; and tried to suppress header bidding through Open Bidding, Accelerated Mobile Pages, and the 2018 Google-Facebook agreement. *Id.* The State AG complaint includes claims under both Sections 1 and 2 of the Sherman Act, as well as various state laws. Among the harms alleged are increased costs to advertisers and decreased revenue to publishers. *Id.* ¶¶ 297, 301, 305. The State AG plaintiffs seek to recover monetary relief on behalf of advertisers and publishers within their borders, most of whom are also members of the putative classes seeking damages in the private cases. *See id.* ¶¶ 449(d), (p), (dd), (jj), (vv), (ccc), (ooo), (xxx), (aaaa). Google has answered the amended complaint. On January 19, 2021 Google moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). The Eastern District of Texas court heard argument on the transfer motion on March 18, 2021, but has not yet ruled. Given the number of ad tech cases now pending in other districts, centralization by the Panel will be required regardless of the outcome of Google's Section 1404(a) motion. The parties exchanged initial disclosures on April 23, 2021.

8

### III.   ARGUMENT

The cases all challenge the same practices and purport to advance the interests of overlapping groups of claimants.  Without centralization, Google would face duplicative and potentially conflicting determinations of classwide issues; non-parties would be subject to duplicative discovery on varying schedules in separate cases; and multiple courts would be forced to adjudicate the same legal and factual issues.

Transfer and centralization under Section 1407 "provide[s] centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient' conduct of such actions."  *In the Matter of New York City Municipal Sec. Litig.*, 572 F.2d 49, 51 (2d Cir. 1978) (quoting H.R.Rep.No. 1130, 90th Cong., 2d Sess.).  Multidistrict centralization and transfer eliminates duplicative discovery, avoids conflicting rulings and schedules, reduces litigation costs, and saves time and effort for the parties, the witnesses, and the courts.  *In re: Checking Acct. Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009).[5]  The likelihood of duplicative discovery and inconsistent judicial decisions "requires" transfer of multidistrict litigation to a single judge under Section 1407.  *See, e.g.*, *In re Hotel Telephone Charge Antitrust Litigation*, 341 F. Supp. 771, 772 (J.P.M.L. 1972).

Centralization -- rather than informal coordination among district courts -- is the most just and efficient path forward for these many lawsuits.  Coordination of more than 28 cases in 16 judicial districts across the United States, involving more than 70 plaintiffs -- including individual, class, and State AGs -- with overlapping and potentially conflicting interests, would be too complicated to undertake informally.  Nor would it be efficient to move and hope for timely transfer under Section 1404 from the 15 different courts outside the Northern District of California that now have ad tech cases.  Centralization makes more sense where there is "not a sufficiently

---

[5] *See also In re American Airlines, Inc., Privacy Litigation*, 342 F. Supp. 2d 1355, 1356 (J.P.M.L. 2004) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification) . . . ."); *In re Progressive Corp. Ins. Underwriting & Rating Practices Litigation*, 259 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (same).

reasonable prospect that" motions for transfer under Section 1404 "will moot the multidistrict character of this litigation." *In re Schnuck Markets, Inc. Customer Data Sec. Breach Litig.*, MDL Docket No. 2470 at *2 (J.P.M.L. 2013). Though Google has sought transfer under Section 1404 in Texas, it would be inefficient to file serial transfer motions in 14 additional district courts, given the pervasive overlap in plaintiffs, defendants, legal theories, and factual disputes.

### A.    The cases should be centralized.

A party seeking centralization pursuant to Section 1407(a) must satisfy three criteria: (1) "one or more common questions of fact" must exist among the cases; (2) centralization and transfer must serve "the convenience of parties and witnesses"; and (3) centralization and transfer must "promote the just and efficient conduct" of the cases. 28 U.S.C. § 1407(a). The ad tech litigation satisfies all three factors.

#### 1.    The Cases Involve the Same Core Legal Claims and Factual Allegations.

All these cases challenge the same alleged practices involving Google's ad tech products and services. All the complaints attack the way in which Google works in alleged ad-tech markets. All assert that Google has market power in those markets. Though the details of specific practices and particular theories into which various plaintiffs try to shoehorn them differ slightly in certain cases, all the cases arise from the same factual circumstances and present the same core claims under Sections 1 and 2 of the Sherman Act. Issues common to all cases include the following:

- Defining a relevant antitrust market in the digital advertising space, including whether such market constitutes a two-sided transaction platform pursuant to *Ohio v. American Express Co.*, 585 U.S. ___, 138 S. Ct. 2274 (2018)
- The participants in any antitrust market relevant to Google's ad tech
- Google's and its competitors' market shares in any antitrust market related to Google's ad tech
- How Google's ad tech interacts with competitors' ad tech
- The competitive impacts of Google's acquisitions related to ad tech

10

- The design and operation of Google's ad tech products and services, including changes made to the design and operation of those products and services over the course of years

- The extent to which Google's optimization of its ad tech products and services constituted competition on the merits rather than anticompetitive conduct

- What information Google does or does not provide to others in relation to its ad tech

- Header bidding -- in particular, its operation, effects, and popularity -- along with Google's competitive responses to it

- The prices that Google charges to advertisers and publishers for use of Google's ad tech, including quality-adjusted prices

Section 1407 does not require that there be a "complete identity or even a majority" of common issues. *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004); *see In re Amsted Industries Inc. Erisa Litigation*, 162 F. Supp. 2d 697, 698 (J.P.M.L. 2001) (recognizing that Section 1407 centralization and transfer is warranted even though each action will involve individual questions of fact); *see also In re Checking Acct. Overdraft Litig.*, 626 F. Supp. 2d at 1335 (explaining that the transferee court may "conduct pretrial proceedings with respect to any non-common issues . . . concurrently with pre-trial proceedings on common issues"). The ad tech litigation easily satisfies this element: common issues pervade these cases.

        **2.**     **The Parties and Non-Party Witnesses Should Not Be Subjected to the Same Discovery Nineteen Times.**

Second, centralization would serve "the convenience of the parties and witnesses." 28 U.S.C. § 1407(a). When considering this factor, "the Panel must consider the interests of all parties, and must consider multidistrict litigation as a whole in the light of the purposes of Section 1407." *In re Commonwealth Oil/Tesoro Petroleum Sec. Litig.*, 458 F. Supp. 225, 229 (J.P.M.L. 1978). Those interests weigh strongly in favor of centralization in the Northern District of California.

11

Because the same core products, events, and issues underlie the ad tech cases, "depositions of common witnesses will be noticed and[] the documents and records of the common defendants will be subjected to intensive inspection by each group of plaintiffs." *In re King Resources Co. Sec. Litig.*, 352 F. Supp. 975, 976 (J.P.M.L. 1972). Each group of plaintiffs will undertake discovery into the same Google products. This would entail production of the same documents and depositions of the same witnesses. Most of this evidence and the majority of the witnesses are located in the Northern District of California; far more than are located in any other district.

The cases will also require the same discovery of non-parties. Nearly all the complaints contain allegations concerning Facebook. Several actions assert a claim against Facebook. Similarly, nearly every complaint mentions Amazon, another of Google's digital advertising competitors. All parties are likely to seek discovery from these companies, as well as from other competitors and customers in the digital advertising space.

Without centralization, Google and non-parties will be subjected to duplicative and overlapping discovery in separate actions in district courts across the country. By contrast, centralization under Section 1407 would ensure "that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions." *In re Cygnus Telecommunications Technology, LLC, Patent Litigation*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001) (transferring action to Northern District of California).

### 3. Without Centralization, Many Courts Would Be Asked to Rule on the Same Questions, Duplicating Efforts and Risking Conflicting Rulings.

Centralization and transfer will "promote the just and efficient conduct" of the cases. 28 U.S.C. § 1407(a). Centralization will conserve judicial resources. It will eliminate the risk of conflicting rulings. Centralization will avoid confusing absent class members who are told that they are represented by multiple lawyers in multiple lawsuits. It will also enable rational adjudication in one forum of the conflicts among the publisher and advertiser plaintiffs.

A principal goal of multidistrict centralization is to avoid conflicting rulings. *In re Computervision Corp. Securities Litig.*, 814 F. Supp. 85, 86 (J.P.M.L. 1993). The risk of

conflicting rulings is particularly real when class and *parens patriae* claims are involved.  This court has "consistently held that the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407." *In re Roadway Exp., Inc. Emp. Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974); *see also In re: Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 582 F. Supp. 2d 1373, 1375 (J.P.M.L. 2008) (centralizing class actions and non-class-actions filed by state attorneys general in part "to avoid inconsistent pretrial rulings, including on the issue of class certification in some actions"); *In re American Airlines*, 342 F. Supp. 2d at 1356 ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification) . . . ."). The ad tech cases involve overlapping advertiser classes (in Digital Ads, Cliffy Care, and Organic Panaceas). While Negron purports to represent a distinct class of Facebook advertisers, most advertisers use both Google and Facebook; they could therefore belong to both classes. On the publisher side, the Digital Publisher class presumably includes all of the individual newspaper plaintiffs. And many citizens of the states bringing parens patriae claims in *Texas v. Google* would be included in the putative advertiser or publisher classes as well. Moreover, some companies are both advertisers and publishers. *See* Ex. U (Reply ISO Application of Girard Sharp for Appointment as Interim Lead Counsel, Digital Ads) ("[M]any businesses are both advertisers and publishers—i.e., they operate their own website and advertise on other sites."). Without centralization, the number and complexity of ad tech cases poses a tangible risk of inconsistent class determinations across cases.

Absent centralization, these cases are also likely to result in conflicting (not merely inconsistent) rulings on such threshold issues as antitrust market definition. Different sets of plaintiffs allege conflicting things regarding whether certain companies participate in the alleged market. For example, the *Digital Ads* plaintiffs assert that Facebook does not participate in the same market as Google's display ad tech. By contrast, other complaints allege that Google and Facebook "compete head to head" in ad tech. *See, e.g.*, Ex. B (H.D. Media Compl.) ¶ 85. Further, centralization will ensure that a single court is able to reconcile conflicting interests asserted by

13

different plaintiff groups in connection with the same ads. Publishers and advertisers sit on opposite sides of a transaction, with Google (and others) in the middle. Publishers want to receive more money for their advertising inventory. Advertisers want to pay less. Yet they all seek to recover money from one of the entities in the middle (Google). Centralization will eliminate the possibility of conflicting determinations on these and other pretrial issues. Moreover, centralization will reduce the threat of a Circuit split on any antitrust rulings that emerge from these cases.

Absent centralization, the overlapping class and *parens patriae* claims being asserted would lead to different sets of lawyers purporting to represent the interests of the same people on related issues before different courts. Class notices could overlap and contradict one another, with class members receiving multiple class notices from different courts, asking them to opt in or out of classes asserting the same claims. No single court can constrain the conduct of others with pending class actions. Centralization is needed to guard against conflicting rulings on class certification and merits issues.

### 4. This Situation Is Too Massive and Complex to Be Solved by Informal Coordination and Serial 1404 Motions.

Transfer pursuant to Section 1404 does not offer an adequate alternative to centralization under Section 1407 for these cases. While Google has a motion to transfer pending in the Eastern District of Texas, this is not a situation where "there is a reasonable prospect that [a] pending motion to transfer" would "eliminate the multidistrict character of this litigation." *In re First Am. Fin. Corp. Customer Data Sec. Breach Litig.*, MDL Docket No. 2907 at *2 (J.P.M.L. 2019); *see In re Schnuck Markets*, MDL Docket No. 2470 at *2 (granting centralization under Section 1407 despite pending Section 1404 motions). A transfer of the State AG's case would not be sufficient. Given the number of additional ad tech cases initiated since Google filed its transfer motion January 19, 2021, judicial efficiency requires centralization regardless of the outcome of Google's motion to transfer.

Nor would informal coordination or cooperation across districts solve the problem. There are too many lawsuits, in too many districts. The various plaintiffs have fashioned overlapping classes, often with interests in tension. Overtures about working together will evaporate when the different plaintiff groups actually start litigating their cases. Indeed, this Panel has been skeptical about such promises. The Panel has ruled that it "cannot leave the complexities of the overlapping class allegations to the voluntary coordination of the parties. We have frequently held that the possibility of duplicative discovery resulting from common fact questions and the threat of inconsistent judicial decisions of discovery, class and other issues requires transfer of multidistrict litigation to a single judge under Section 1407." *In re Hotel Telephone*, 341 F. Supp. at 772.

That some of the listed cases include putative nationwide class actions and government enforcement actions does not weaken the case for centralization. *In re: Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 582 F. Supp. 2d at 1375. The analysis remains focused on the same three factors, notwithstanding that one of the cases is brought by state AG's. For example, in *In re Generic Pharm. Pricing Antitrust Litig.*, state antitrust enforcement actions (taken either "individually or on a parens patriae basis") were consolidated with private class actions, because there would be "significant overlap in the factual and legal issues presented by the actions currently in the MDL and the State Action." MDL Docket No. 2724 at *1 (J.P.M.L. 2017). As was true there, all the plaintiffs' claims here "arise from the same factual core," and "will involve common discovery of defendants and third parties," warranting centralization of the putative class actions and state enforcement actions. *Id.*[6] To the extent that some cases require specialized proceedings (such as class certification), the transferee court can craft a protocol that "1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues; and 2) ensures that pretrial proceedings will be

---

[6] *See also In re Auto Body Shop Antitrust Litig.*, MDL Docket No. 2557 (J.P.M.L. 2014); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917 (N.D. Cal.); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361; *In re Fine Paper Antitrust Litig.*, 446 F. Supp. 759 (J.P.M.L. 1978); *In re Cement & Concrete Antitrust Litig.*, 437 F. Supp. 750 (J.P.M.L. 1977) (all centralizing state-AG cases along with private cases).

conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re: Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 582 F. Supp. 2d at 1375 (internal citation omitted); *see also In re Generic Pharm. Pricing Antitrust Litig.*, MDL Docket No. 2724 at *2 ("To the extent the State Action presents unique factual and legal issues, the transferee judge has the discretion to address those issues through the use of appropriate pretrial devices.").

### B.   The Centralized Action Should Be Transferred to the Northern District of California.

The Northern District of California is the most appropriate transferee district.

The first-filed and most advanced of the actions, Digital Ads, is in the Northern District of California. *See In re Imagitas Inc. Drivers' Privacy Protection Act Litig.*, MDL Docket No. 1828 (J.P.M.L. 2007) (transferring cases to district in which first action was filed, which "is relatively more procedurally advanced than the other actions"); *In re Cobra Tax Investors*, 408 F. Supp. 2d 1348 (J.P.M.L. 2005) (transferring to district of first-filed action, which had "progressed somewhat further" than the other pending actions); *In re Musha Cay Litigation*, 330 F.Supp.2d 1364 (J.P.M.L. 2004) (transferring to district in which first-filed action was pending). Judge Freeman already has related and consolidated eight putative class actions. She has held a hearing on Google's motion to dismiss the advertiser-side complaint. She has also reviewed class counsel applications and appointed interim co-lead counsel for the putative advertiser class and putative publisher class, and established a plaintiffs' discovery coordination committee for coordination of discovery between the Digital Ads and Digital Publisher cases.

The cases in other courts were filed significantly after Digital Ads. The State AG case in the Eastern District of Texas was filed seven months later. The case filed in the Southern District of West Virginia, eight months later. The three cases filed in the District of Columbia, nine or ten months later. The newspaper cases were filed eleven months later. Other than Google's motion to transfer, the Eastern District of Texas court has not been required to invest time or resources in any substantive legal issue or to engage in proceedings on the merits of plaintiffs' claims. (In

Texas, Google has answered, and the parties have made initial disclosures.) Nor has discovery begun in any of the other cases. Digital Ads is the most advanced of the overlapping actions. As a result, Judge Freeman is familiar with many of the issues from reading the parties' briefs on Google's motion to dismiss and overseeing the relation and consolidation of overlapping cases. The Northern District of California is therefore the most appropriate venue for transfer. *See In re Air West*, 384 F. Supp. at 611 (finding N.D. Cal. to be the most appropriate forum because the court was familiar with factual issues).

The Northern District of California is a convenient forum for the parties and witnesses. Several of the parties, and many likely witnesses, are in California. All the defendants reside in the Northern District. Three named plaintiffs also reside there. Many of Google's employees that work on ad tech are located in the Northern District of California. *See* Ex. V; *see In re Google Play Store Antitrust Litig.*, MDL No. 2981 Dkt. No. 89 (J.P.M.L. Feb. 2, 2021) (centralizing cases in the Northern District of California in part because "Google has its headquarters in this district, and represents that the vast majority of employees who are part of the Google Play organization in the US are located there"). Facebook, which is named as a defendant in some cases and is a party to the 2018 agreement attacked in nearly all cases, in all but one case, is located in the Northern District of California. Amazon, another likely witness, is located in Seattle, closer to the Northern District than to any other district in which an ad tech case has been filed.

The judges of the Northern District of California are well qualified to oversee this litigation. That District is frequently called upon to resolve antitrust claims associated with digital industries and technologies. *See, e.g., In re Google Play Store Antitrust Litig.*, MDL No. 2981 Dkt. No. 89; *In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d. 1373 (J.P.M.L. 2017). Moreover, as discussed above, Judge Freeman has already become familiar with many of the issues raised in these actions, having heard one motion to dismiss and considered multiple motions to relate and applications for lead counsel. *See In re Pharmastem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362 (J.P.M.L. 2005) (transferring cases to a district judge "who is already familiar with many of the

technological and legal issues posed by these actions."). Judge Freeman is also very familiar with antitrust issues, having heard over 40 antitrust cases in the past twelve years.

Given the scope of the classes, no single location will be perfect for all class plaintiffs. The Northern District of California, however, would be highly convenient, as it is an "easily accessible, metropolitan district." *In re Compression Labs, Inc. Patent Litig.*, M.D.L. Docket No. 1654, 360 F. Supp. 2d 1367 (2005) (transferring cases to Northern District of California). The Northern District of California offers the advantages of proximity to the Movants, relevant witnesses, relevant documents, and certain plaintiffs. *Cf. In re: Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 582 F. Supp. 2d at 1376 (transferring to district featuring the principal place of business of the defendant and two of the seven actions).

By contrast, the alternative locations do not enhance judicial efficiency. Texas Attorney General Paxton and his co-plaintiffs chose to sue in the Eastern District of Texas. That locale has no unique or meaningful connection to this dispute other than its general popularity with plaintiffs. Indeed, neither the Texas AG nor the outside lawyers he hired to handle this litigation are based there, much less any parties or key third-party witnesses located in the Eastern District of Texas. The State AG complaint does not allege harm to any particular Texan (or to any person, for that matter). In opposing Google's 1404 transfer motion, the States identified several third parties who said they would be willing to travel to East Texas for a trial. That some potential witnesses answered in the affirmative when a state attorney general asked if they would be willing to travel for a trial does not make the Eastern District of Texas a more efficient or convenient forum for litigation. The other fourteen states involved in the State AG case already face lengthy travel to participate in their case. The Attorneys General for each of those states has their primary office hundreds of miles away from the chosen forum.[7] Again, even the Texas Attorney General is

---

[7] Alaska (2,993 miles); Arkansas (320 miles); Florida (891 miles); Nevada (1,338 miles); Idaho (1,567 miles); Indiana (905 miles); Kentucky (872 miles); Mississippi (406 miles); Missouri (609 miles); Montana (1,201 miles) North Dakota (1,172 miles); Puerto Rico (2,153 miles); South Dakota (953 miles); Utah (1,229 miles).

located outside the district in which he chose to file, and he has a 214-mile drive to get to the Sherman Division.

The District of Columbia, the location of the Cliffy Care case, is not a superior venue.  No plaintiff resides in Washington, D.C.  The proposed class definitions in these cases encompass plaintiffs dispersed throughout the country.  *Cf. In re Literary Works in Elec. Databases Copyright Litig.*, MDL Docket No. 1379, 2000 WL 33225502 (J.P.M.L. 2001) ("In this litigation involving purported nationwide classes of freelance authors and defendants located throughout the United States, many federal districts could be viewed as an appropriate transferee forum.").

The various venues for the newspaper cases are likewise inconvenient locations to determine the overlapping and dispositive issues that are common across each of these cases.  While the as-filed venues may each be convenient for one individual plaintiff, none of the other plaintiffs, nor any defendant, would benefit from transferring the cases to any of those districts.

In short, the Northern District of California is the logical choice of venue for convenience and expediency, and is already host to the majority and most advanced of these related cases.

### C.  *Texas et al. v. Google* should be transferred for pretrial and trial

Section 1407(h) provides that the panel may centralize and transfer for trial any action brought under Section 4C of the Clayton Act.  *In re Managed Care Litig.*, 416 F. Supp. 2d 1347, 1348 n.2 (J.P.M.L. 2006) (citing 28 U.S.C. § 1407(h)) ("Actions brought under Section 4C of the Clayton Act may be transferred by the Panel for trial as well as pretrial.").  *Texas v. Google* is such a case.  *See* Ex. G (State AG Compl.) ¶¶ 20, 26.  Consolidating antitrust parens patriae actions for trial, as Congress has empowered this Panel to do, will further promote judicial efficiency and ensure consistency by allowing one judge to conduct these complex trials.  The panel should therefore centralize the State AG case for both pretrial and trial.

## IV.  CONCLUSION

For the reasons discussed above, transfer and centralization of these actions "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such

actions." 28 U.S.C. § 1407(a).  As a result, Google respectfully requests that the Panel centralize

these cases and transfer them to the Northern District of California.

Dated: April 30, 2021                    Respectfully submitted,

                                         /s/ Justina K. Sessions
                                         Justina K. Sessions
                                         WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
                                         One Market Plaza
                                         Spear Tower, Suite 3300
                                         San Francisco, California 94105
                                         Telephone: (415) 947-2197
                                         Facsimile: (415) 947-2099
                                         Email: jsessions@wsgr.com

                                         Jonathan M. Jacobson
                                         Michael S. Sommer
                                         WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
                                         1301 Avenue of the Americas, 40th Floor
                                         New York, New York 10019
                                         Telephone: (212) 497-7758
                                         Facsimile: (212) 999-5899
                                         Email: jjacobson@wsgr.com
                                         Email: msommer@wsgr.com

                                         Eric Mahr
                                         Julie S. Elmer
                                         FRESHFIELDS BRUCKHAUS DERINGER LLP
                                         700 13th Street NW, 10th Floor
                                         Washington, D.C. 20005
                                         (202) 777-4545
                                         (202) 777-4587 (Fax)
                                         eric.mahr@freshfields.com
                                         julie.elmer@freshfields.com

                                         Boris Feldman
                                         FRESHFIELDS BRUCKHAUS DERINGER LLP
                                         2710 Sand Hill Road
                                         Menlo Park, CA 94025
                                         (650) 461-8200
                                         boris.feldman@freshfields.com

                                         *Attorneys for Movants Google LLC, Alphabet Inc.,
                                         and YouTube, LLC*

20

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL-_____**

**SCHEDULE OF ACTIONS**

| Exhibit | Case Captions | Court | Civil Action No. | Judge |
|---------|---------------|-------|------------------|-------|
| A | **Plaintiff:**<br>Clarksburg Publishing Company, d.b.a. WV News<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc | N.D. W. Va. (Clarksburg Division) | 1:21-cv-00051-TSK | Thomas S. Kleeh |
| B | **Plaintiff:**<br>HD Media Company, LLC<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | S.D. W. Va. (Huntington) | 3:21-cv-00077 | Robert C. Chambers |
| C | **Plaintiff:**<br>ECENT Corporation<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | S.D. W. Va. (Beckley Division) | 5:21-cv-00251 | Frank W. Volk |
| D | **Plaintiff:**<br>AIM Media Indiana Operating, LLC<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | S.D. Ind. (Indianapolis Division) | 1:21-cv-00951-JPH-DLP | James Patrick Hanlon<br><br>Magistrate Judge Doris L. Pryor |
| E | **Plaintiff:**<br>AIM Media Midwest Operating, LLC<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | S.D. Ohio (Columbus Division) | 2:21-cv-01915-MHW-KAJ | Michael H. Watson<br><br>Magistrate Judge Kimberly A. Jolson |
| F | **Plaintiff:**<br>AIM Media Texas Operating, LLC<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | S.D. Tex. (McAllen Division) | 7:21-cv-00150 | Randy Crane |
| G | **Plaintiff:**<br>The State of Texas; State of Arkansas; State of Idaho; State of Indiana; Commonwealth of Kentucky; State of Mississippi; State of Missouri; State of North Dakota; State of South Dakota; State of Utah; State of Alaska; State of | E.D. Tex. (Sherman) | 4:20-cv-00957-SDJ | Sean D. Jordan |

| | | | | |
|---|---|---|---|---|
| | Florida; State of Nevada; Commonwealth of Puerto Rico; State of Montana<br><br>**Defendant:**<br>Google, LLC | | | |
| H | **Plaintiffs:**<br>Brown County Publishing Company Inc.; Multi Media Channels LLC<br><br>**Defendants:**<br>Google LLC; Facebook Inc | E.D. Wis. (Green Bay Division) | 1:21-cv-00498-WCG | William C Griesbach |
| I | **Plaintiff:**<br>Flag Publications, Inc.<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | D. Md. (Baltimore Division) | 1:21-cv-00965-SAG | Stephanie A. Gallagher |
| J | **Plaintiff:**<br>Gale Force Media, LLC<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | D.N.J. (Newark Division) | 2:21-cv-09716-WJM-ESK | William J. Martini<br><br>Magistrate Judge Edward S. Kiel |
| K | **Plaintiffs:**<br>Associated Newspapers Ltd.; Mail Media, Inc.<br><br>**Defendants:**<br>Google LLC; Alphabet Inc. | S.D.N.Y. (Foley Square Division) | 1:21-cv-03446-PKC | P. Kevin Castel |
| L | **Plaintiff:**<br>Coastal Point LLC<br><br>**Defendants:**<br>Google LLC; Facebook, Inc. | D. Del. (Wilmington Division) | 1:21-cv-00554-LPS | Leonard P. Stark |
| M | **Plaintiff:**<br>Journal, Inc.<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | N.D. Miss. (Aberdeen Division) | 1:21-cv-00072-GHD-RP | Glen H. Davidson<br><br>Magistrate Judge Roy Percy |
| N | **Plaintiffs:**<br>Emmerich Newspapers Incorporated; J.O. Emmerich & Associates, Inc.; Delta-Democrat Publishing Company; Commonwealth Publishing Company, Inc.; Delta Press Publishing Company, Inc.; Newton County Appeal Inc.; Simpson Publishing Co., Inc.; Montgomery Publishing Co., Inc.; Franklinton Publishing Co., Inc.; Charleston Publishing Co., Inc.; Clarion | S.D. Miss. (Northern Division - Jackson) | 3:21-cv-00274-HTW-LGI | Henry T. Wingate<br><br>Magistrate Judge LaKeysha Greer Isaac |

-2-

| | | | | |
|---|---|---|---|---|
| O | Publishing Company, Inc.; Scott Publishing, Inc.; Clarke Publishing, Inc.; Hattiesburg Publishing, Inc.; Tallulah Publishing, Inc.; Louisville Publishing, Inc.; Kosciusko Star-Herald, Inc.; Enterprise-Tocsin, Inc.; Grenada Star, Inc.; Tate Record, Inc.; Marion Publishing Company; Yazoo Newspaper Co., Inc.; Sunland Publishing Company, Inc.<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | | | |
| O | **Plaintiff:**<br>Eagle Printing Company<br><br>**Defendants:**<br>Google, LLC; Facebook, Inc. | W.D. Penn. (Pittsburgh Division) | 2:21-cv-00518-MPK | Magistrate Judge Maureen P. Kelly |
| P | **Plaintiff:**<br>Kimberly Negron, on behalf of herself and all others similarly situated<br><br>**Defendant:**<br>Google LLC | N.D. Cal. (Oakland Division) | 4:21-cv-00801-HSG | Haywood S. Gilliam, Jr. |
| Q | **Plaintiff:**<br>Organic Panaceas, LLC<br><br>**Defendants:**<br>Google, LLC; Alphabet Inc. | N.D. Cal. (Oakland Division) | 4:21-cv-02629-DMR | Magistrate Judge Donna M. Ryu |
| R | In re Google Digital Advertising Antitrust Litigation<br><br>**Plaintiffs:**<br>Surefreight Global LLC, individually and on behalf of all others similarly situated, d/b/a Prana Pets; Hanson Law Firm, PC, individually and on behalf of all others similarly situated; Michael Devaney; Nicholas Arrieta; Sara Yberra; Michael Stellman; Vitor Lindo; Sweepstakes Today, LLC; Mikula Web Solutions, Inc.; Mark J. Astarita<br><br>**Defendants:**<br>Google LLC; Alphabet Inc.<br><br>**Interested Parties:**<br>Genius Media Group, Inc.; The Nation Company, L.P.; The Progressive, Inc.; | N.D. Cal. (San Jose) | 5:20-cv-03556-BLF | Beth Labson Freeman<br><br>Magistrate Judge Virginia K. DeMarchi |

|   | | | | |
|---|---|---|---|---|
|   | Sterling International Consulting Group; JLaSalle Enterprises LLC; Kimberly Negron | | | |
| S | In re Google Digital Publisher Antitrust Litigation<br><br>**Plaintiffs:**<br>Sweepstakes Today, LLC; Genius Media Group, Inc.; The Nation Company, L.P.; The Progressive, Inc.; Sterling International Consulting Group; Mark J. Astarita; JLaSalle Enterprises LLC; Mikula Web Solutions, Inc.<br><br>**Defendants:**<br>Google LLC; Alphabet Inc.; YouTube, LLC | N.D. Cal. (San Jose) | 5:20-cv-08984-BLF | Beth Labson Freeman<br><br>Magistrate Judge Virginia K. DeMarchi |
| T | **Plaintiff:**<br>Cliffy Care Landscaping LLC, on behalf of itself and all others similarly situated; Raintree Medical and Chiropractic Center LLC (21-cv-658); Rodrock Chiropractic PA (21-cv-658), on behalf of itself and all others similarly situated; Kinin, Inc. (21-cv-622)<br><br>**Defendants:**<br>Facebook Inc.; Google LLC; Alphabet Inc. | D.D.C. (Washington, DC) | 1:21-cv-00360-KBJ | Ketanji Brown Jackson |

# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

**IN RE:** Digital Advertising Antitrust Litigation      **MDL No.** _____

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing Motion for Transfer, Brief, Schedule of Actions and Certificate of Service were served by Email or First Class Mail on April 30, 2021 to the following:

**Clerks of Court**

Clerk of Court
**Northern District of West Virginia**
United States District Court
Clarksburg Division
500 West Pike Street, Room 301
P.O. Box 2857
Clarksburg, WV 26302
Telephone: (304) 622-8513
Facsimile: (304) 623-4551

Clerk of Court
**Southern District of West Virginia**
United States District Court
Beckley Division
110 North Heber Street, Room 119
Beckley, WV 25801
Telephone: (304) 253-7481

Clerk of Court
**Southern District of West Virginia**
United States District Court
Huntington Division
Sidney L. Christie Federal Building
845 Fifth Avenue, Room 101
Huntington, WV 25701
Telephone: (304) 529-5588

Clerk of Court
**Southern District of Indiana**
United States District Court
Indianapolis Division
Birch Bayh Federal Building & U.S.
Courthouse
46 East Ohio Street, Room 105
Indianapolis, IN 46204
Telephone: (317) 229-3700

Clerk of Court
**Southern District of Ohio**
United States District Court
Columbus Division
Joseph P. Kinneary U.S. Courthouse
Room 121
85 Marconi Boulevard
Columbus, Ohio 43215
Telephone: (614) 719-3000
Email: Clerks_Office@ohsd.uscourts.gov

Clerk of Court
**Southern District of Texas**
United States District Court
McAllen Division
P.O. Box 5059
McAllen, TX 78501
Telephone: (956) 618-8065

Clerk of Court
**Eastern District of Wisconsin**
United States District Court
Green Bay Division
Jefferson Court Building
125 S. Jefferson St., Room 102
Green Bay, WI 54301-4541
Telephone: (920) 884-3720

Clerk of Court
**Southern District of New York**
United States District Court
Foley Square Division
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Telephone: (212) 857-8500

Clerk of Court
**Eastern District of Texas**
United States District Court
Sherman Division
United States Courthouse
7940 Preston Road, Room 101
Plano, Texas 75024
Telephone: (214) 872-4800
Facsimile: (214) 872-4811

Clerk of Court
**District of Maryland**
United States District Court
Baltimore Division
101 West Lombard Street
Baltimore, MD 21201
Telephone: (410) 962-2600

Clerk of Court
**District of New Jersey**
United States District Court
Newark Division
Martin Luther King Building & U.S.
Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07102
Telephone: (973) 645-3730

Clerk of Court
**Southern District of Mississippi**
United States District Court
Jackson Division
Thad Cochran United States Courthouse
501 E. Court Street, Suite 2.500
Jackson, MS 39201
Telephone: (601) 608-4000

Clerk of Court
**District of Delaware**
United States District Court
Wilmington Division
844 North King Street, Unit 18
Wilmington, Delaware 19801-3570
Telephone: (302) 573-6170

Clerk of Court
**Western District of Pennsylvania**
United States District Court
Pittsburgh Division
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 208-7500

Clerk of Court
**Northern District of California**
United States District Court
San Jose Division
Robert F. Peckham Federal Building & U.S. Courthouse
280 South 1st Street, 2nd Floor
San Jose, CA 95113
Telephone: (408) 535-5363

Clerk of Court
**Northern District of Mississippi**
United States District Court
Aberdeen Division
203 Gilmore Dr.
Amory, MS 38821
Telephone: (662) 369-4952

Clerk of Court
**Northern District of California**
United States District Court
Oakland Division
Ronald V. Dellums Federal Building & U.S. Courthouse
1301 Clay Street, Suite 400 S
Oakland, CA 94612
Telephone: (510) 637-3530

Clerk of Court
**District of Columbia**
United States District Court
333 Constitution Avenue, N.W.
Washington D.C. 20001
Room 1225
Telephone: (202) 354-3050

**Clarksburg Publ'g Co. v. Google, LLC et al., N.D. W. Va., No. 1:21-cv-00051-TSK**

<u>**Served via First Class Mail and Email**</u>

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

**Counsel for Plaintiff Clarksburg Publishing Company**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff Clarksburg Publishing Company**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff Clarksburg Publishing Company**

Michael J. Fuller
Paul T. Farrell, Jr.
Farrell & Fuller
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com

**Counsel for Plaintiff Clarksburg Publishing Company**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff Clarksburg Publishing Company**

Rachel Jarvis
Rachel A. Jarvis, Esq. PLLC
326 Hewes Avenue
Clarksburg, WV 26302
Telephone: (304) 543-6300
jarvislawgroup@gmail.com

**Counsel for Plaintiff Clarksburg Publishing Company**

**HD Media Co., LLC v. Google, LLC et al., S.D. W. Va., No. 3:21-cv-00077**

**Served via First Class Mail and Email**

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

**Counsel for Plaintiff HD Media Co.**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff HD Media Co.**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff HD Media Co.**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff HD Media Co.**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff HD Media Co.**

ECENT Corp. v. Google, LLC et al., S.D. W. Va., No. 5:21-cv-00251

**Served via First Class Mail and Email**

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

**Counsel for Plaintiff ECENT Corp.**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff ECENT Corp.**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff ECENT Corp.**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff ECENT Corp.**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce de Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff ECENT Corp.**

**AIM Media Indiana Operating, LLC v. Google, LLC et al., S.D. Ind., No. 1:21-cv-00951-JPH-DLP**

<u>Served via First Class Mail and Email</u>

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

**Counsel for Plaintiff AIM Media Operating, LLC**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff AIM Media Operating, LLC**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff AIM Media Operating, LLC**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff AIM Media Operating, LLC**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff AIM Media Operating, LLC**


**AIM Media Midwest Operating, LLC v. Google, LLC et al., S.D. Ohio, No. 2:21-cv-01915-MHW-KAJ**

**<u>Served via First Class Mail and Email</u>**


Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff AIM Midwest Operating, LLC**

**Counsel for Plaintiff AIM Midwest Operating, LLC**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff AIM Midwest Operating, LLC**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff AIM Midwest Operating, LLC**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff AIM Media Operating, LLC**

AIM Media Texas Operating, LLC v. Google, LLC et al., S.D. Tex., No. 7:21-cv-00150

**Served via First Class Mail and Email**

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

**Counsel for Plaintiff AIM Texas Operating, LLC**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff AIM Texas Operating, LLC**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff AIM Texas Operating, LLC**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff AIM Texas Operating, LLC**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff AIM Media Operating,
LLC**


**The State of Texas, et al. v. Google, LLC, E.D. Tex., No. 4:20-cv-00957-SDJ**

**<u>Served via First Class Mail and Email</u>**

Ashley C. Keller
Jason Allen Zweig
Brooke Clason Smith
Stephen Yelderman
Keller Lenkner LLC
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 216-8667
Facsimile: (312) 971-3502
ack@kellerlenkner.com
jaz@kellerlenkner.com
brooke.smith@kellerlenkner.com
stephen.yelderman@kellerlenkner.com

**Counsel for Plaintiff the State of Texas, State
of Arkansas, State of Idaho, State of Indiana,
Commonwealth of Kentucky, State of
Mississippi, State of Missouri, State of North
Dakota, State of South Dakota, State of Utah,
State of Alaska, State of Florida, State of
Nevada, Commonwealth of Puerto Rico, State
of Montana**

W. Mark Lanier
Alex J. Brown
Zeke DeRose III
The Lanier Law Firm, P.C.
10940 W. Sam Houston Parkway N., Suite 100
Houston, TX 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-0024
Mark.Lanier@LanierLawFirm.com
Alex.Brown@LanierLawFirm.com
Zeke.DeRose@LanierLawFirm.com


**Counsel for Plaintiff the State of Texas**

Warren D. Postman
Keller Lenkner LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 2000
Telephone: (202) 749-8334
Facsimile: (312) 971-3502
wdp@kellerlenkner.com

**Counsel for Plaintiff the State of Texas**

Ken Paxton, Attorney General of Texas
Brent Webster, First Assistant Attorney General of
Texas
Grant Dorfman, Deputy First Assistant Attorney
General
Aaron Reitz, Deputy Attorney General for Legal
Strategy
Kim Van Winkle, Chief, Antitrust Division
Bret Fulkerson, Deputy Chief, Antitrust Division
David Ashton, Assistant Attorney General,
Antitrust Division
Nicholas G. Grimmer, Assistant Attorney General,
Antitrust Division
Trever Young, Assistant Attorney general,
Antitrust Division
Eric Hudson, Assistant Attorney General, Special
Litigation Division
Shawn E. Cowles, Deputy Attorney General for
Civil Litigation
Nanette DiNunzio, Associate Deputy Attorney
General for Civil Litigation
Paul Singer, Senior Counsel for Public Protection
Christopher Hilton, Deputy Chief, General
Litigation Division
Matthew Bohuslav, Assistant Attorney General,
General Litigation Division
Ralph Molina, Assistant Attorney General, General
Litigation Division
Matthew Levinton
R. Floyd Walker
Office of the Attorney General Texas
P.O. Box 12548 (MC 059)
Austin, TX 78711-2548
Telephone: (512) 936-1414
Kenneth.Paxton@oag.texas.gov
Brent.Webster@oag.texas.gov
Grant.Dorfman@oag.texas.gov
Aaron.Reitz@oag.texas.gov
Kim.VanWinkle@oag.texas.gov
Bret.Fulkerson@oag.texas.gov
David.Ashton@oag.texas.gov
Nick.Grimmer@oag.texas.gov

Trevor.Young@oag.texas.gov
Eric.Hudson@oag.texas.gov
Shawn.Cowles@oag.texas.gov
Nanette.Dinunzio@oag.texas.gov
Paul.Singer@oag.texas.gov
Christopher.Hilton@oag.texas.gov
Matthew.Bohuslav@oag.texas.gov
Ralph.Molina@oag.texas.gov
Matthew.levinton@oag.texas.gov
Floyd.Walker@oag.texas.gov

**Counsel for Plaintiff the State of Texas**

Johnathan R. Carter, Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-8063
Facsimile: (501) 682-8118
Johnathan.carter@arkansasag.gov

Lawrence G. Wasden, Attorney General
Brett T. DeLange, Division Chief, Consumer
Protection Division
John K. Olson, Deputy Attorney General
Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720
Telephone: (208) 334-2424
AGWasden@ag.idaho.gov
brett.delange@ag.idaho.gov
john.olson@ag.idaho.gov

**Counsel for Plaintiff State of Arkansas**      **Counsel for Plaintiff State of Idaho**

Scott Barnhart, Chief Counsel and Director of
Consumer Protection
Matthew Michaloski, Deputy Attorney General
Indiana Government Center South- 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204
Telephone: (317) 234-1479
Facsimile: (317) 232-7979
scott.barnhart@atg.in.gov
matthew.michaloski@atg.in.gov

J. Christian Lewis, Executive Director of
Consumer Protection
Justin D. Clark, Deputy Director of Consumer
Protection
Philip R. Heleringer, Assistant Attorney General
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Telephone: (502) 696-5300
christian.lewis@ky.gov
justind.clark@ky.gov
philip.heleringer@ky.gov
jonathan.farmer@ky.gov

**Counsel for Plaintiff State of Indiana**

**Counsel for Plaintiff Commonwealth of
Kentucky**

Hart Martin
Consumer Protection Division
Mississippi Attorney General's Office
P.O. Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-4231
Facsimile: (601) 359-4231
hart.martin@ago.ms.gov

Amy Haywood, Chief Counsel, Consumer
Protection Division
Kimberley G. Biagioli, Assistant Attorney General
Stephen M. Hoeplinger
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Telephone: (816) 889-3090
amy.haywood@ago.mo.gov
Kimberley.biagioli@ago.mo.gov
Stephen.hoeplinger@ago.mo.gov

**Counsel for Plaintiff State of Mississippi**

**Counsel for Plaintiff State of Missouri**

Elin S. Alm, Assistant Attorney General
Consumer Protection and Antitrust Division
Parrell D. Grossman
Office of Attorney General
Gateway Professional Center
1050 E. Interstate Ave, Ste 200
Bismarck, ND 58503
Telephone: (701) 328-5570
Facsimile: (701) 328-5568
ealm@nd.gov
Pgrossman@nd.gov

**Counsel for Plaintiff State of North Dakota**

Yvette K. Lafrentz
Assistant Attorney General
Consumer Protection Division
South Dakota Office of the Attorney General
1302 E. Hwy. 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
Facsimile: (605) 773-4106
yvette.lafrentz@state.sd.us

**Counsel for Plaintiff State of South Dakota**

David N. Sonnenreich, Deputy Attorney General
Antitrust Section Director
Tara W. Pincock
Office of the Utah Attorney General
160 E 300 S, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114
Telephone: (801) 366-0132
Facsimile: (801) 366-0315
dsonnenreich@agutah.gov
tpincock@agutah.gov

**Counsel for Plaintiff State of Utah**

Jeffery G. Pickett
Department of Law, Office of the Attorney
General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
jeff.pickett@alaska.gov

**Counsel for Plaintiff State of Alaska**

Lee Istrail
Office of the Attorney General of Florida
The Capitol, PL-01
Tallahassee, FL 32399
Telephone: (850) 414-3300
Facsimile: (850) 488-9134
Lee.istrail@myfloridalegal.com

**Counsel for Plaintiff State of Florida**

Lucas J. Tucker
Marie W.L. Martin
State of Nevada, Office of the Attorney General
8945 W. Russell Road, Suite 204
Las Vegas, NV 89148
Telephone: (702) 486-3256
Facsimile: (775) 684-1299
Ltucker@ag.nv.gov
Mnewman@ag.nv.gov

**Counsel for Plaintiff State of Nevada**

Chuck Munson
Mark Mattioli
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620
Telephone: (406) 444-4500
Facsimile: (406) 442-1894
cmunson@mt.gov
Mmattioli@mt.gov

Charles J. Cooper
Brian W. Barnes
Harold S. Reeves
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
Cooper@cooperkirk.com
Bbarnes@cooperkirk.com
Hreeves@cooperkirk.com

**Counsel for Plaintiff State of Montana**

**Counsel for Plaintiff State of Montana**

**Brown County Publ'g Co. Inc. et al. v. Google LLC et al., E.D. Wis., 1:21-cv-00498-WCG**

**Served via First Class Mail and Email**

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiffs Brown County Publishing Company, Inc. and Multi Media Channels, LLC**

**Counsel for Plaintiffs Brown County Publishing Company, Inc. and Multi Media Channels, LLC**

Case 3:21-cv-00077   Document 15   Filed 05/03/21   Page 49 of 71 PageID #: 117

Page **18** of **40**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiffs Brown County
Publishing Company, Inc. and Multi Media
Channels, LLC**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiffs Brown County
Publishing Company, Inc. and Multi Media
Channels, LLC**

Erin Dickinson
Crueger Dickinson LLC
4532 N. Oakland
Whitefish Bay, WI 53211
Telephone: (414) 210-4367
ekd@cruegerdickinson.com

**Counsel for Plaintiffs Brown County
Publishing Company, Inc. and Multi Media
Channels, LLC**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiffs Brown County
Publishing Company, Inc. and Multi Media
Channels, LLC**

**Flag Publ'n, Inc. v. Google, LLC et al., D. Md., No. 1:21-cv-00965-SAG**

<u>Served via First Class Mail and Email</u>

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

William Nelson Sinclair
Silverman Thompson Slutkin and White LLC
201 N Charles St 26th Fl
Baltimore, MD 21201
Telephone: (410) 385-2225
Facsimile: (410) 5472432
Bsinclair@mdattorney.com

**Counsel for Plaintiff Flag Publications, Inc.**

**Counsel for Plaintiff Flag Publications, Inc.**

**Gale Force Media, LLC v. Google LLC et al., D.N.J., No. 2:21-cv-09716-WJM-ESK**

<u>Served via First Class Mail and Email</u>

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff Gale Force Media, LLC**

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

**Counsel for Plaintiff Gale Force Media, LLC**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff Gale Force Media, LLC**

Jon-Henry Barr
John Gulyas
Barr & Gulyas, LLC
21 Brant Avenue
Clark, NJ 07066
Telephone: (732) 340-0600
Facsimile: (723) 340-0610
jhbarr@barrgulyas.com
jgulyas@barrgulyas.com

**Counsel for Plaintiff Gale Force Media, LLC**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff Gale Force Media, LLC**

**Counsel for Plaintiff Gale Force Media, LLC**

**Associated Newspapers Ltd. et al v. Google LLC et al., S.D. N.Y., No. 1:21-cv-03446-PKC**
<u>Served via First Class Mail and Email</u>

John Thorne
Daniel V. Dorris
Julius P. Taranto
Bethan R. Jones
Christopher C. Goodnow
Eliana Margo Pfeffer
Eric J. Maier
Kellogg, Hansen, Todd, Figel& Frederick, PLLC
1615 M Street NW
Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
jthorne@kellogghansen.com
Ddorris@kellogghansen.com
jtaranto@kellogghansen.com
bjones@kellogghansen.com
cgoodnow@kellogghansen.com
epfeffer@kellogghansen.com
emaier@kellogghansen.com

**Counsel for Plaintiff Associated Newspapers**
**Ltd. And Mail Media, Inc.**

**Coastal Point, LLC v. Google LLC et al., D. Del., No. 1:21-cv-00554-LPS**

<u>Served via First Class Mail and Email</u>

P. Bradford deLeeuw
deLeeuw Law LLC
1201 Walnut Green Road
Wilmington, DE 19807
Telephone: (302) 274-2180
Facsimile: (302) 351-6905
brad@deleeuwlaw.com


**Counsel for Plaintiff Coastal Point, LLC**

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com


**Counsel for Plaintiff Coastal Point, LLC**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com


**Counsel for Plaintiff Coastal Point, LLC**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com


**Counsel for Plaintiff Coastal Point, LLC**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff Coastal Point, LLC**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff Coastal Point, LLC**

**Journal, Inc. V. Google, LLC et al., N.D. Miss., No. 1:21-cv-00072-GHD-RP**

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

**Counsel for Plaintiff Journal, Inc.**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff Journal, Inc.**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff Journal, Inc.**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff Journal, Inc.**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff Journal, Inc.**

Emmerich Newspapers Inc. et al. V. Google LLC et al., S.D. Miss., No. 3:21-cv-00274-HTW-LGI

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiffs Emmerich Newspapers, Inc., J.O. Emmerich & Associates Inc., Delta-Democrat Publ'g Co., Commonwealth Publ'g Co. Inc., Delta Press Publ'g Co., Newton Cty. Appeal Inc., Simpson Publ'g Co. Inc., Montgomery Publ'g Co. Inc., Franklinton Publ'g Co. Inc., Charleston Publ'g Co. Inc., Clarion Publ'g Co. Inc., Scott Publ'g Inc., Clarke Publ'g Inc., Hattiesburg Publ'g Inc., Tallulah Publ'g Inc., Louisville Publ'g Inc., Kosciusko Star-Hearld Inc., Enterprise-Tocsin Inc., Grenada Star Inc., Tate Record, Inc., Marion Publ'g Co., Yazoo Newspaper Co. Inc., and Sunland Publ'g Co. Inc.**

**Counsel for Plaintiffs Emmerich Newspapers, Inc., J.O. Emmerich & Associates Inc., Delta-Democrat Publ'g Co., Commonwealth Publ'g Co. Inc., Delta Press Publ'g Co., Newton Cty. Appeal Inc., Simpson Publ'g Co. Inc., Montgomery Publ'g Co. Inc., Franklinton Publ'g Co. Inc., Charleston Publ'g Co. Inc., Clarion Publ'g Co. Inc., Scott Publ'g Inc., Clarke Publ'g Inc., Hattiesburg Publ'g Inc., Tallulah Publ'g Inc., Louisville Publ'g Inc., Kosciusko Star-Hearld Inc., Enterprise-Tocsin Inc., Grenada Star Inc., Tate Record, Inc., Marion Publ'g Co., Yazoo Newspaper Co. Inc., and Sunland Publ'g Co. Inc.**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiffs Emmerich Newspapers,
Inc., J.O. Emmerich & Associates Inc., Delta-
Democrat Publ'g Co., Commonwealth Publ'g
Co. Inc., Delta Press Publ'g Co., Newton Cty.
Appeal Inc., Simpson Publ'g Co. Inc.,
Montgomery Publ'g Co. Inc., Franklinton
Publ'g Co. Inc., Charleston Publ'g Co. Inc.,
Clarion Publ'g Co. Inc., Scott Publ'g Inc.,
Clarke Publ'g Inc., Hattiesburg Publ'g Inc.,
Tallulah Publ'g Inc., Louisville Publ'g Inc.,
Kosciusko Star-Hearld Inc., Enterprise-Tocsin
Inc., Grenada Star Inc., Tate Record, Inc.,
Marion Publ'g Co., Yazoo Newspaper Co. Inc.,
and Sunland Publ'g Co. Inc.**

.

**Counsel for Plaintiffs Emmerich Newspapers,
Inc., J.O. Emmerich & Associates Inc., Delta-
Democrat Publ'g Co., Commonwealth Publ'g
Co. Inc., Delta Press Publ'g Co., Newton Cty.
Appeal Inc., Simpson Publ'g Co. Inc.,
Montgomery Publ'g Co. Inc., Franklinton
Publ'g Co. Inc., Charleston Publ'g Co. Inc.,
Clarion Publ'g Co. Inc., Scott Publ'g Inc.,
Clarke Publ'g Inc., Hattiesburg Publ'g Inc.,
Tallulah Publ'g Inc., Louisville Publ'g Inc.,
Kosciusko Star-Hearld Inc., Enterprise-Tocsin
Inc., Grenada Star Inc., Tate Record, Inc.,
Marion Publ'g Co., Yazoo Newspaper Co. Inc.,
and Sunland Publ'g Co. Inc.**

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiffs Emmerich Newspapers,
Inc., J.O. Emmerich & Associates Inc., Delta-
Democrat Publ'g Co., Commonwealth Publ'g
Co. Inc., Delta Press Publ'g Co., Newton Cty.
Appeal Inc., Simpson Publ'g Co. Inc.,
Montgomery Publ'g Co. Inc., Franklinton
Publ'g Co. Inc., Charleston Publ'g Co. Inc.,
Clarion Publ'g Co. Inc., Scott Publ'g Inc.,
Clarke Publ'g Inc., Hattiesburg Publ'g Inc.,
Tallulah Publ'g Inc., Louisville Publ'g Inc.,
Kosciusko Star-Hearld Inc., Enterprise-Tocsin
Inc., Grenada Star Inc., Tate Record, Inc.,
Marion Publ'g Co., Yazoo Newspaper Co. Inc.,
and Sunland Publ'g Co. Inc.**

Eagle Printing Co. v. Google, LLC et al., W.D. Penn., No. 2:21-cv-00518-MPK

**Served via First Class Mail and Email**

John C. Herman
Serina M. Vash
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

**Counsel for Plaintiff Eagle Printing Co.**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
Farrell & Fuller, LLC
1311 Ponce De Leon
Suite 202
San Juan, PR 00907
Telephone: (939) 293-8244
Facsimile: (939) 293-8245
mike@farrellfuller.com
paul@farrellfuller.com

**Counsel for Plaintiff Eagle Printing Co.**

Clayton J. Fitzsimmons
Mark A. Colantonio
Robert P. Fitzsimmons
Fitzsimmons Law Firm PLLC
1609 Warwood Ave
Wheeling, WV 26003
Telephone: (304) 277-1700
Facsimile: (304) 277-1705
clayton@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com
bob@fitzsimmonsfirm.com

**Counsel for Plaintiff Eagle Printing Co.**

David W. Mitchell
Steven M. Jodlowski
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com

**Counsel for Plaintiff Eagle Printing Co.**

Raymond J. Conlon
Conlon Tarker, P.C.
108 East Diamond Street
Butler, PA 16001
Telephone: (724) 285-7700 ext. 102
Facsimile: (724) 285-6700
conlon@conlontarker.com

Paul J. Geller
Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

**Counsel for Plaintiff Eagle Printing Co.**

**Counsel for Plaintiff Eagle Printing Co.**

**Negron v. Google LLC, N.D. Cal., No. 4:21-cv-00801**

**Served via First Class Mail and Email**

Fred Isquith, Jr
Robert S. Schachter
Zwerling Schachter and Zwerling LLP
41 Madison Ave
32nd Floor
New York, NY 10010
Telephone: (212) 223-3900
fisquith@zsz.com
Rschachter@zsz.com

Pamela Ann Markert
Solomon B. Cera
Cera LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 977-2228, (415) 777-2230
Facsimile: (415) 777-5189
pmarkert@cerallp.com
scera@cerallp.com

**Counsel for Plaintiff Negron**

**Counsel for Plaintiff Negron**

Heidi M. Silton
Kate M. Baxter-Kauf
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Hmsilton@locklaw.com
Kmbaxter-kauf@locklaw.com

**Counsel for Plaintiff Negron**


**Organic Panaceas v. Google LLC et al., N.D. Cal., 4:21-cv-02629-DMR**

**Served via First Class Mail and Email**

Joseph M. Bruno
Bruno LLP
855 Baronne St.
3rd Floor
New Orleans, LA 70113
Telephone: (504) 525-1335
Facsimile: (504) 52501335
jbruno@brunobrunolaw.com

Derriel Carlton McCorvey
McCorvey Law LLC
102 Versailles Blvd.
Ste. 620
Lafayette, LA 70501
Telephone: (337) 291-2431
Facsimile: (337) 291-2433
Derriel@mccorveylaw.com

**Counsel for Plaintiff Organic Panaceas LLC**

**Counsel for Plaintiff Organic Panaceas LLC**

Phillip Lawrence Gregory
Gregory Law Group
1250 Godetia Drive
Woodside, CA 94062
Telephone: (650) 278-2957
pgregory@gregorylawgroup.com

**Counsel for Plaintiff Organic Panaceas LLC**

**In re Google Dig. Advert. Antitrust Litig., N.D. Cal., No. 5:20-cv-03556-BLF**
**Served via First Class Mail and Email**

| | |
|---|---|
| Dena C. Sharp | Tina Wolfson |
| Adam Polk | Christopher Eric Stiner |
| Jordan Elias | Rachel Renee Johnson |
| Scott M. Grzenczyk | Theodore Walter Maya |
| Girard Sharp LLP | Andrew William Ferich |
| 601 California Street, Suite 1400 | Adhoot & Wolfson PC |
| San Francisco, CA 94108 | 2600 West Olive Avenue, Suite 500 |
| Telephone: (415) 981-4800 | Burbank, CA 92505 |
| Facsimile: (415) 981-4846 | Telephone: (310) 474-9111 |
| apolk@girardsharp.com | Facsimile: (310) 474-8585 |
| jelias@girardsharp.com | twolfson@adhootwolfson.com |
| scottg@girardsharp.com | cstiner@adhootwolfson.com |
| dsharp@girardsharp.com | rjohnson@adhootwolfson.com |
| | tmaya@adhootwolfson.com |
| | Aferich@ahdootwolfson.com |

**Interim Lead Co-Counsel for Plaintiffs**
**Surefreight LLC, Hanson Law Firm, PC,**
**Michael Devaney, Nicholas Arrieta,**
**Sara Yberra, Michael Stellman, Vitor Lindo,**
**Sweepstakes Today, LLC,**
**Mikula Web Solutions, Inc., and**
**Mark J. Astarita**

**Interim Lead Co-Counsel for Plaintiffs**
**Surefreight LLC, Hanson Law Firm, PC,**
**Michael Devaney, Nicholas Arrieta,**
**Sara Yberra, Michael Stellman, Vitor Lindo,**
**Sweepstakes Today, LLC,**
**Mikula Web Solutions, Inc., and**
**Mark J. Astarita**

Andrew William Ferich
Adhoot & Wolfson PC
201 King of Prussia Rd.
Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@adhootwolfson.com

**Interim Lead Co-Counsel for Plaintiffs
Surefreight LLC, Hanson Law Firm, PC,
Michael Devaney, Nicholas Arrieta,
Sara Yberra, Michael Stellman, Vitor Lindo,
Sweepstakes Today, LLC,
Mikula Web Solutions, Inc., and
Mark J. Astarita**

Dennis Stewart
Gustafson Gluek PLLC
600 B Street, 17th Floor
San Diego, CA 92101
Telephone: (619_ 595-3299
dstewart@gustafsongluek.com

**Counsel for Plaintiff Mikula Web Solutions,
Inc.**

Archana Tamoshunas
Taus, Cebulash & Landau, LLP
80 Maiden Lane
Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
atamoshunas@tcllaw.com

**Counsel for Plaintiff Surefreight Global LLC
And Hanson Law Firm, PC**

David W. Mitchell
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com

**Counsel for Plaintiff Sweepstakes Today, LLC**

April D. Lambert
John Daniel Radice
Radice Law Firm, P.C.
475 Wall Street
Unit 420
Princeton, NJ 08540
Telephone: (312) 339-7140
alambert@radicelawfirm.com
Jradice@radicelawfirm.com

**Counsel for Plaintiff Surefreight Global LLC
and Hanson Law Firm, PC**

Phillip Lawrence Gregory
Gregory Law Group
1250 Godetia Drive
Woodside, CA 94062
Telephone: (650) 278-2957
pgregory@gregorylawgroup.com

**Counsel for Plaintiff Organic Panaceas, LLC**

Derriel Carlton McCorvey
McCorvey Law, LLC
102 Versailles Blvd.
Ste. 620
Lafayette, LA 70501
Telephone: (337) 291-2433
Facsimile: (337) 291-2433
derriel@mccorveylaw.com

**Counsel for Plaintiff Organic Panaceas, LLC**

**In re Google Dig. Publisher Antitrust Litig., N.D. Cal., No. 5:20-cv-08984-BLF**
**Served via First Class Mail and Email**

Abby Lauren Dennis
Jesse Michael Panuccio
Boies Schiller Flexner LLP
1401 New York Ave, NW
Suite 1100
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
adennis@bsfllp.com
jpanuccio@bsfllp.com

Carol L. O'Keefe
Jamie L. Boyer
Michael E. Klenov
Robert E. Litan
Stephen Matthew Tillery
Jonathon D. Byrer
Korein Tillery LLC
505 No 7th St.
Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
cokeefe@koreintillery.com
jboyer@koreintillery.com
mklenov@koreintillery.com
rlitan@koreintillery.com
stillery@koreintillery.com
Jbyrer@koreintillery.com

**Interim Lead Co-Counsel for Plaintiffs**
**Genius Media Grp. Inc., Sterling Int'l**
**Consulting Grp., The Nation Co. L.P., The**
**Progressive Inc., Sweepstakes Today LLC,**
**JLaSalle Enterprises LLC, and Mikula Web**
**Solutions Inc.**

**Interim Lead Co-Counsel for Plaintiffs**
**Genius Media Grp. Inc., Sterling Int'l**
**Consulting Grp., The Nation Co. L.P., The**
**Progressive Inc., Sweepstakes Today LLC,**
**JLaSalle Enterprises LLC, and Mikula Web**
**Solutions Inc.**

Brianna S. Hills
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 1001
Telephone: (212) 446-2300
bhills@bsfllp.com

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

Hsiao C. Mao
Sean Phillips Rodriguez
Boies Schiller Flexner LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

David Boies
Boies Schiller and Flexner LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8201
Facsimile: (914) 749-8300
dboies@bsfllp.com

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

Gregory Andrew Zelcs
Johnathon D. Byrer
Randall P. Ewing, Jr.
Ryan Z. Cortazar
Korein Tillery LLC
205 N. Michigan Plaza
Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
jbyrer@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

Philip C. Korologos
Boies Schiller Flexner LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
pkorologos@bsfllp.com

Sabrina Alexandra McElroy
Boies Schiller Flexner LLP
401 East Las Olas Blvd
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
smcelroy@bsfllp.com

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

Eric L. Cramer
Michael C. Dell'Angelo IV
Patrick Fanning Madden
Caitlin Goldwater Coslett
Michaela Wallin
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
ccsoslett@bm.net
Mwallin@bm.net

Sophia Marie Rios
Berger Montague PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Telephone: (619) 489-0300
srios@bm.net

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

Daniel John Walker
Berger Montague PC
2001 Pennsylvania Ave., NW
Suite 300
Telephone: (202) 559-9745
Facsimile: (215) 875-4604
dwalker@bm.net

David W. Mitchell
Steven M. Jodlowski
Stuart Andrew Davidson
Daniel Jacob Pfefferbaum
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619):231-7423
davidm@rgrdlaw.com
sjodlowski@rgrdlaw.com
Sdavidson@rgrdlaw.com
DPfefferbaum@rgrdlaw.com

**Interim Lead Co-Counsel for Plaintiffs Genius Media Grp. Inc., Sterling Int'l Consulting Grp., The Nation Co. L.P., The Progressive Inc., Sweepstakes Today LLC, JLaSalle Enterprises LLC, and Mikula Web Solutions Inc.**

**Counsel for Sweepstakes Today, LLC**

Dena C. Sharp
Adam Polk
Jordan Elias
Scott M. Grzenczyk
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
jelias@girardsharp.com
scottg@girardsharp.com
dsharp@girardsharp.com

Robert J. Gralewski
Kirby McInerney LLP
600 B Street, Suite 2110
San Diego, CA 92101
Telephone: (619) 784-1442
bgralewski@kmllp.com

**Counsel for Mark J. Astarita**

**Counsel for JLaSalle Enterprises LLC**

Daniel E. Gustafson
Gustafson Gluek PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Dgustafson@gustafsongluek.com

**Counsel for Mikula Web Solutions, Inc.**

Kara A. Elgersma
Kenneth A. Wexler
Wexler Wallace, LLP
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Kae@wexlerwallace.com
Kaw@wexlerwallace.com

**Counsel for Plaintiff Mikula Web Solutions, Inc.**

Dianne M. Nast
NastLaw LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302
Dnast@nastlaw.com

**Counsel for Plaintiff Mikula Web Solutions, Inc.**

John C. Herman
Herman Jones LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com

**Counsel for Plaintiff Sweepstakes Today, LLC**

Daniel Jay Nordin
Gustafson Gluek PLLC
120 S. 6th St., Ste. 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Dnordin@gustafsongluek.com

**Counsel for Plaintiff Mikula Web Solutions, Inc.**

Joshua H. Grabar
Grabar Law Office
1735 Market Street, Suite 3750
Philadelphia, PA 19103
Telephone: (267) 507-6085
jgrabar@grabarlaw.com

**Counsel for Plaintiff Mikula Web Solutions, Inc.**

Marc Howard Edelson
Edelson & Associates, LLC
3 Terry Drive
Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
Medelson@edelson-law.com

**Counsel for Plaintiff Mikula Web Solutions, Inc.**

**Cliffy Care Landscaping LLC et al. v. Facebook Inc. et al., D. D.C., No. 1:21-cv-00360-KBJ**
**Served via First Class Mail and Email**

| | |
|---|---|
| Jonathan L. Rubin<br>Moginrubin LLP<br>1615 M Street, NW, Third Floor<br>Washington, D.C. 20036<br>Telephone: (202) 630-0616<br>Facsimile: (877) 247-8586<br>jrubin@moginrubin.com | Jennifer M. Oliver<br>Tim LaComb<br>Daniel J. Mogin<br>Moginrubin LLP<br>600 West Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 798-5361<br>joliver@moginrubin.com<br>tlacomb@moginrubin.com<br>dmogin@moginrubin.com |
| **Counsel for Plaintiff Cliffy Care Landscaping LLC, Kinin Inc., Raintree Medical and Chiropractic Center LLC, and Rodrock Chiropractic PA** | **Counsel for Plaintiff Cliffy Care Landscaping LLC, Kinin Inc., Raintree Medical and Chiropractic Center LLC, and Rodrock Chiropractic PA** |

Richard F. Lombardo
Peter F. Rottgers
Shaffer Lombardo Shurin
2001 Wyandotte Street
Kansas City, MO 64108
Telephone: (816) 931-0500
Facsimile: (816) 931-5775
rlombardo@sls-law.com
protggers@sls-law.com

**Counsel for Plaintiff Cliffy Care Landscaping
LLC, Kinin Inc., Raintree Medical and
Chiropractic Center LLC, and Rodrock
Chiropractic PA**

Dated this 30th day of April 2021

Respectfully Submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

**Counsel for Defendants**
**Google LLC, Alphabet Inc., and YouTube, LLC**